v. United States v. James Thomas Ms. Christians Good morning your honors. May it please the court, counsel. I'm Joanna Christianson and I represent the appellant James Thomas. The issue before this court is really the question, what is sentencing? Is sentencing the simple imposition of a sentence? Or is it the process of determining what the appropriate sentence shall be? Ms. Christianson Yes Hi. Wasn't there an advantage to the defendant in the procedures that were used by Judge Springman in that the court reserved its determination of the sentence until after the defendant had an opportunity to be present, provide his input? But the court here provided the defendant with let's call it a window into its preliminary analysis and it seems to me that that allowed the defendant an opportunity to better address the court's relevant concerns. I thought it was a really interesting way to do it to be honest. Ms. Christianson Well, it may be interesting except for the fact that the judge made findings about certain parts of Mr. Thomas' history and characteristics that were findings that he could not then apparently contest or argue about. For example, his criminal history which was significant but certainly old information. He was not given a chance to rebut after the court made those findings, those findings that she made. There's also no indication that he had read those findings at all personally. That's just not in the record. And it's important to note that the hearing on March 26th, which is the week after the status conference, was the first time that Judge Springman had seen Mr. Thomas face to face. She did not conduct the Rule 11 colloquy, the magistrate did. She had already had the status hearing and issued an opinion about 35 degree A factors and the guidelines and not until all that was done did she physically see Mr. Thomas to impose the sentence. And I think when it comes down to fundamental fairness, that's a fairness issue. Counsel, I'm puzzled by the nature of your argument. Courts aren't supposed to start with the Constitution. They're supposed to start with statutes and rules. And there are two rules, Rule 32 and Rule 43, that bear on when defendants are entitled to be present. Yes. Are you making an argument under either Rule 32 or Rule 43? Well, Your Honor, it occurred to me that you might have that question. And when I read through my briefs, I realized the reason I started with the Constitution is because at the time I wrote my brief, I was dealing with an appeal waiver. So using Adkins and the due process clause was the way to get around that. I'm not asking you about your thinking. I'm asking you whether you're making such an argument. Yes. The answer is yes, I am. Where is it in your brief? Where do I find it in your brief? The Rule 43 argument is in the brief. I don't have it with me. It's in the section after the appeal waiver, talking about Rule 43 as being broader than the constitutional right. And my reasoning was that I had to get in under the Constitution, but I'm also making a Rule 43 argument. It's in the brief. Well, I will look, but I must say I didn't find it. I will. I have a second question about what you're arguing and what you're not. Do you think that in civil litigation, summary judgment violates the due process clause? Summary judgment? Summary judgment, the procedure by which a case is finally decided when the litigant never comes to court at all. Right. Decided wholly on the papers. No. I don't think that that's necessarily the case. All right, so then I don't understand any argument based on the due process clause, because there's nothing in the due process clause that distinguishes criminal and civil litigation. True. What does distinguish the two is the public trial clause of the Sixth Amendment. But I don't understand your brief to be making a claim under the public trial clause of the Sixth Amendment. No, I'm not making a trial argument. Then I don't understand what the constitutional claim is. The constitutional claim is a due process claim. I understand the words due process are used. Right. But as I said, there's absolutely no difference for due process purposes between criminal and civil litigation. And we know from the gasoline products case that there is no problem in summary judgment under or dismissing cases under Rule 12b-6 under the due process clause. That is, there's no entitlement in the due process clause to be present in court ever before a case is resolved. Criminal cases are different, but not by virtue of the due process clause. No. They're different by virtue of the Sixth Amendment. And you're not making a Sixth Amendment argument. That's the source of my puzzlement. In this case, they're different because of Rule 43, which is not part of the Constitution. It comes off of the due process clause. It's actually broader than the due process clause. And that's where it comes from in this case. Criminal defendants have more rights under that rule than civil litigants. Rule 43 is either in addition to the Constitution or an effort to implement the Sixth Amendment. What's the constitutional status of right to elocution? I believe defendants have a right to elocution under the Constitution. I don't know what you're asking about the status of that. My question is whether it is a constitutional right or just custom. I believe it is a constitutional right. It is a right under the rules, however. Is there some case where the Supreme Court has held that states must allow elocution? Not that I'm aware of. And certainly that's not an issue in our case. Mr. O'Connor was given his right. The question is whether he was treated fairly by the district court who made these findings complete without his presence. What findings work to his prejudice from that case? She explicitly refused to apply as to the appropriate sentence before hearing from the defendant. Is there any basis at all here to think that she had made up her mind before the defendant had an opportunity to speak? I think there's some basis. She does say that she's preserving the ultimate imposition of sentence. But we're saying that simple imposition is not the only time presence is required. Judge Hamilton asked about how the judge's findings prejudiced my client, essentially, if I remember your question correctly. I think that particularly regarding his health and criminal history, that making those findings prior to him speaking to the judge at all implicates fairness. It would have helped her make decisions about his criminal history and how that related to this offense. Okay. I hate to be simple-minded about this, but I understood her to be saying I'm going to give him a below-guidelines sentence. I haven't yet decided how far I'm going to go below the guidelines. That will be decided later. Those aren't her exact words, but that was what I took away from the transcript. Right. Right. That doesn't sound so bad for a defendant. I think perhaps maybe it's not so bad. And the problem is that this is happening in every case in this district, in that district, is that this procedure. So in this case, if I'm not mistaken. What do you mean by this procedure? A scheduling conference, I understand. Lawyers, when they are asked to say what issues they want to raise, usually will frame them in a persuasive way if they have the opportunity. Correct. But what else happens? My problem is if it had just been a status conference, and I said in my brief, we would not have this issue. It goes beyond that when the judge makes findings then in a written order prior to sentencing. And our argument is. . . So your problem is not with the conference, but with the order? Yes, conference led to the order, but mostly the order, because those findings are significant, and significantly more than the judge made at the actual imposition of sentencing. There's a practice in the Central District of California in which, I think it's mainly in civil cases, but they're tentative decisions. Your motion in a civil case will be set for a hearing, and you show up early, and you get the judge's tentative decision, and then you can argue about it. Correct. Does that violate due process, do you think? I suppose it goes back to Judge Easterbrook's question about civil versus criminal. Well, it's not just. . . The right. The question is whether a judge violates the right to due process by, first, preparing for a decision that she has to make, and perhaps, second, by signaling her preliminary thinking. Right. And I think the only thing that was preliminary was she was not making a decision about the ultimate sentence. I don't think any of those findings were preliminary. I think those findings were all. . . She was not going to let anyone challenge those findings. That's our reading of the record. Where do you get that? What procedure would you prefer here? That the court provide no preliminary assessment at all, and the defendant make his argument without any idea as to what was most critical to the court? Is that what you would want? I'm not sure that's exactly what we would want. I think that things like this happen very often in district courts. I think that they're in chambers meetings. I know they're in chambers meetings prior to sentencing. But in my experience, they are mostly very preliminary, and no findings are made. The judge says I may be leaning one way or another, but the lack of findings is what's distinguishing those two things. Well, let me ask you to go back. What findings were made here that you think could not be challenged or were found? The nature and circumstances of the offense itself being a very serious drug offense. Did she get it wrong? It was a very serious drug offense. Was she wrong about something she said in that written order? I think she was wrong about his role in the offense. And was that raised in the oral hearing? Unfortunately, no. And I think we're coming from that kind of having to backpedal because none of this was raised. So certainly his age and health, making findings about that. And he talked about, well, that I'm not sure it was this serious. She thought it was this serious that it actually was, and then there were no further statements made. Okay. I'm very confused by that as to what you're objecting to. I looked at this procedure, and it looked to me like you should love it because this provided plenty of advance notice about supervised release conditions. Well, you notice I'm not raising the supervised release. I did notice. And it did provide advance notice. And like I said, notice is different than make findings, and I see that I'm out of time. So we're just going to reverse the remand. Thank you, Counsel. Mr. Hall. Good afternoon, Your Honors, and may it please the Court. David Haller on behalf of the United States. Like the Court, the government has not been entirely certain. It's been a bit of a moving target as to exactly which constitutional or statutory provisions that Mr. Thomas believes have been violated here. But we believe that this procedure is constitutionally and statutorily sound, and it's a good procedure, and we don't think that there should be any objections to it. To the extent that the government viewed the Court as raising some sort of Snyder-type claim, the Court did not – this procedure does not deprive the defendant of any fair or just hearing that would be afforded by the defendant's absence. Those cases have all dealt with trial-type issues, and, indeed, those cases have allowed all sorts of trial-type proceedings to occur outside the defendant's presence, instances of the competency of child witnesses and stincer, interviewing of jurors, and things that this Court has allowed as well. This, on the other hand, is a sentencing proceeding, and it's a proceeding that was purely preliminary in nature, one where no evidence was taken. To that extent, it's probably most akin to the claim that was raised in Siegel, revolving around preliminary forfeiture proceedings. To Your Honor's questions, to Judge Rovner's question, we believe this does provide the ability to give a window of insight into the Court's thinking. The Court does not do anything that would violate Rule 32 or Rule 43. All elements of Rule 32 were covered at sentencing, and Rule 43 was complied with to the extent that that claim was preserved at all. Rule 43, the original language of Rule 43, which stems, I believe, from the Baron's decision, was that it is concerned with the imposition of sentence. And the change in the language to sentencing in 2002, the notes say, was not intended to have any change of meaning. So to the extent that Mr. Thomas' counsel comes up here and asks this broad question, what is sentencing, like it's something for this Court to decide in the first instance, the answer is resolved by Baron's and by the Committee notes as to Rule 43. The Court at sentencing, as I stated, complied with all elements of Rule 32. It complied with all elements of Rule 43. And it made clear in its sentencing memorandum that it had not made any final decision. I don't read anything in this memo as suggesting I have made a final decision. If I have stated anything incorrect in this memo, that's for the Court of Appeals, not for me at sentencing. Nothing in the memorandum suggests that at all. At sentencing, the District Court is quite clear asking anything else of counsel for the defendant and counsel for the government, and indeed, counsel for the government, despite the fact that the District Court had indicated at this juncture, based on what I've heard so far, I'm planning to give a low-range sentence, the government still said you might want to consider still giving a guideline-range sentence. The government did not view this as in some way cutting off any form of argument. Would the analysis, Mr. Haller, change if that preliminary opinion had indicated an intent to go above the guideline range? I don't believe that it would have as long as it was phrased as a preliminary intent, as something that is subject to allocution, and as something that is subject to any information that the court is wanting to present. There is no allocution claim raised here, and the defendant has absolutely waived any claim in that regard. Curiously, the argument seems to be that although the judge surely could come into the sentencing procedure with some preliminary ideas in her head, that it violates the Constitution to get out of her head and down on paper. I agree. Preliminary ideas are okay as long as they're held secret. Well, right. I don't think that makes any sense at all. I mean, unless the defendant is trying to say that the court cannot think about it. I mean, that's sort of the question you all were pointing to as well. The court can't think about the case outside of when they're in the presence of the defendant. I don't think that it violates. Now, if the court, I mean, there is a line of cases, the allocution and the LUPTA line. If the court had come in and said, I'm going to give a 210-month sentence, that would plainly violate LUPTA, that would violate the allocution provisions. But I don't think if the court said, based on everything that I've heard today, everything that's been submitted to me in the pleadings, my inclination right now, folks, is to give an above-range sentence, subject to allocution, subject to everything else. I don't think that that violates anything that this court has said. The court has not generally done that. The district court has not generally done that. But I don't think it would be a violation if the court chose to do that. And, in fact, some defendants might like it. It would give them more of an opportunity to say, I have to come in here real hard and explain to the court that this isn't proper, as opposed to being a bit blindsided when the court comes in with an above-range sentence. If I could ask you, you're familiar, presumably, with the sentencing practices of other judges in the Northern District. I am, Your Honor. Yes. And what are the other variations that we need to be concerned about as we write an opinion in this case? There are lines out there that cannot be crossed. Oh, there certainly are, and I don't think any of the district court judges cross those lines. Judge Pruen is the only judge who does these pre-trial telephonic or pre-status, excuse me, pre-sentencing status conferences. None of the other district court judges do that. We do have other judges who do issue opinions prior to sentencing where they make findings about guideline issues and things of that nature. I'm not sure that there are any who say as much as she does about the guideline range or things of that nature. She's the only judge in Fort Wayne. Our procedures tend to be kind of divisional in nature, so this isn't done really much in Hammond or South Bend. And I'm not aware, aside from the procedure of issuing pre-sentencing opinions about guideline issues, I'm not really aware that it's done much else in the circuit. Are those opinions expressly tentative? I think they are. I mean, some of them are about guideline issues. So, I mean, they are more law-based. I mean, I don't know how tentative they are. I mean, usually law-based things are phrased more as 2K2.1 applies, but I don't think any of them ever say, you know, I can't imagine in front of any of our judges circuit-wide, frankly, that if you came into the district court and said, I realize you issued an opinion, but you completely misstated the defendant's age or you completely misstated something that the judge is going to be like, I'm sorry, I already decided that. I take it she never actually sets forth a proposed sentence preceding the hearings with the defendants or otherwise indicates that she's arrived at a sentencing determination without input from the defendant? She does not, Your Honor. She's always been very careful to say that this is tentative. She's included her acknowledgment that the defendant has a right to allocute. She asked the defendant, in this case, she asked the defendant to allocute. She asked the government to comment. She gave the defendant a right to respond to the government's comments, and then she explained her decision. I mean, it may well sometimes be the case that nothing much happens in all of that and that the final decision ends up being pretty much what things were before, but that doesn't mean that the fact that the judge's tentative opinion coming into a hearing didn't change. It means that somehow some constitutional provision or statute was violated. It wasn't, and these proceedings are perfectly constitutional, perfectly acceptable, and the judge should be affirmed. The Court has no further questions. Thank you. Thank you very much. The case is taken under advisement, and the Court will be in recess.